UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BAD DRAGON ENTERPRISES, INC., <br><br> Plaintiff, <br><br> -- against -- <br><br> SINSAINT INC., <br><br> Defendant. | Case No. 1:25-cv-02159 <br><br> **COMPLAINT** <br><br> (Jury Trial Demanded) |

Plaintiff Bad Dragon Enterprises, Inc. ("**Plaintiff**") brings this Complaint against defendant SinSaint Inc. ("**Defendant**").

## PRELIMINARY STATEMENT

1. Plaintiff is an industry-leading developer, manufacturer, and seller of adult entertainment products, including its extensive line of fantasy-themed sex toys. Plaintiff has obtained numerous copyright registrations for the unique, original sculptural design elements embodied in many of its sex toy products, including those at issue in this action.

2. In January of 2024, Plaintiff discovered that Defendant directly copied at least thirteen of Plaintiff's copyrighted products, and sold substantially similar products that are copied from and derivative of those copyrighted products, even going so far as to market, display, offer, and sell them at the January 2024 AVN Awards, the premier adult-industry sales convention and award show sponsored and presented by the trade magazine Adult Video News.

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff is a Nevada corporation with its principal place of business at 901 W. Melinda Lane, Phoenix, Arizona 85027.

4. Defendant is a New York corporation with its principal place of business at 2201 Neptune Avenue #5, Brooklyn, New York 11224.

5. This Court has subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331, 1332(a), and 1338(a).

6. This Court may exercise personal jurisdiction over Defendant because Defendant is headquartered within and has its regular place of business within this district.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), because Defendant is headquartered within and has its regular place of business within this district.

## GENERAL ALLEGATIONS

### Plaintiff and its Copyrighted Works

8. Plaintiff is a well-known adult toy company based in Phoenix, Arizona that has won numerous adult industry awards for its innovative, fantasy-themed adult products and designs.

9. Among Plaintiff's many innovative and unique products are the following:

(a) Crackers the Cockatrice® (https://bad-dragon.com/products/crackers);

(b) Fenrir the Wolf Dragon® (https://bad-dragon.com/products/fenrir);

(c) Kelvin the Ice Dragon® (https://bad-dragon.com/products/kelvin);

(d) Pretzal™ (https://da6npmvqm28oa.cloudfront.net/8898e549-5405-4d2a-b34b-9edd0a5d7c00.jpg);

(e) Razor the Doberman® (https://bad-dragon.com/products/razor);

(f) Stan the T. Rex® (https://bad-dragon.com/products/stan);

(g) Spritz the Seadragon® (https://bad-dragon.com/products/spritz);

(h) Ika® (https://bad-dragon.com/products/ika);

(i) Nocturne the Enderfang® (https://bad-dragon.com/products/nocturne);

2

(j)     Vergil the Drippy Dragon™ (https://bad-dragon.com/products/vergil);

(k)     Marcel® (https://bad-dragon.com/products/marcel);

(l)     Echo's Horn® (https://bad-dragon.com/products/echohorn); and

(m)     Tyson the Water Buffalo™.

10.     Each of the 13 products listed above (collectively, the "**Copyrighted Works**") feature unique, original sculptural design elements that are separable from the underlying useful article and are protected under U.S. copyright law as sculptural works, pursuant to 17 U.S.C. § 102(a)(5).

11.     Plaintiff owns valid and enforceable copyrights in and to each of the Copyrighted Works. *See* **Exhibits A-M** (copyright registrations for each of the Copyrighted Works).

12.     Plaintiff has enjoyed significant commercial success selling products that embody the Copyrighted Works to wholesale and retail purchasers in the United States and in other countries and has sold significant quantities of those products to those customers over time.

13.     Plaintiff has reserved all legal rights in and to the Copyrighted Works, and has not authorized anyone to reproduce, distribute, make derivative works of, display, or to make any other unauthorized uses of any of them, or any portions thereof.

**Defendant's Willful Infringement of the Copyrighted Works**

14.     Defendant has advertised, marketed, displayed, reproduced, displayed, offered for sale, sold, and distributed certain sex toy products through its website, https://sinsaint.com/ (the "**Website**"), and through certain other trade channels, including at the January 2024 AVN Awards.

15.     Among Defendant's previously sold products are:

(a)     Asmodeus (previously found at https://sinsaint.com/dildos/asmodeus-silicone-sex-toy) (infringes Crackers the Cockatrice®);

(b)     Astaroth (previously found at https://sinsaint.com/dildos/astaroth-silicone-fantasy-toy-dildo) (infringes Fenrir™);

(c) Behemoth (previously found at https://sinsaint.com/dildos/behemoth-silicone-cock-toy) (infringes Kelvin™);

(d) Cobra (previously found at https://sinsaint.com/dildos/cobra-silicone-sex-dragon-toy) (infringes Pretzal™);

(e) Crane (previously found at https://sinsaint.com/dildos/crane-silicone-adult-toy) (infringes Razor™);

(f) Gaur (previously found at https://sinsaint.com/dildos/gaur-silicone-toy) (infringes Stan the T. Rex®);

(g) Idyll (previously found at https://sinsaint.com/dildos/idyll-silicone-novelties-toy) (infringes Spritz™);

(h) Lao (previously found at https://sinsaint.com/dildos/lao-silicone-adult-fantasy-toy) (infringes Ika®);

(i) Monarch (previously found at https://sinsaint.com/dildos/monarch-silicone-orgasms-toy) (infringes Nocturne the Enderfang®);

(j) Ogle (previously found at https://sinsaint.com/dildos/ogle-silicone-adult-fantasy-toy) (infringes Vergil™);

(k) Sauron (previously found at https://sinsaint.com/dildos/sauron-silicone-pleasure-toy) (infringes Marcel®);

(l) Tomee (previously found at https://sinsaint.com/dildos/tomee-silicone-exotic-toy) (infringes Echo's Horn®); and

(m) Willy (previously found at https://sinsaint.com/dildos/willy-silicone-fantasy-toy) (infringes Tyson™).

16. Each of the thirteen products listed above (collectively, the "**Infringing Products**") directly copied, is substantially similar to, and therefore infringes the corresponding copyrighted work listed above next to Defendant's corresponding product. A chart depicting each of the Copyrighted Works and each of the Infringing Products is attached hereto as **Exhibit N**.

17. Because each of the Infringing Products directly copied the protected sculptural design elements in the corresponding copyrighted work, Defendant is liable for direct infringement of each of the thirteen Copyrighted Works.

18. On information and belief, Defendants' infringement is willful, as indicated by its copying of thirteen, separate copyrighted products from one source (that is, from Plaintiff).

19. On January 31, 2024, Plaintiff's counsel sent Defendant a demand letter (the "**Demand Letter**"), therein advising Defendant of Plaintiff's ownership of the Copyrighted Works, and Defendant's copyright infringement of the same through the Infringing Products.

20. The Demand Letter also made certain demands of Defendant, including the demand that Defendant agree in writing to "permanently stop manufacturing (or causing to be manufactured), purchasing from suppliers, importing, advertising, marketing, offering for sale, selling, distributing, reproducing, displaying, making derivative works of, or making any other uses of the Infringing Products (including without limitation, offering and selling them through the Website), no later than April 01, 2024."

21. By letter dated February 16, 2024, Defendant's counsel responded to the Demand Letter. Therein, Defendant's counsel stated (among other things) that Defendant had "started the process of removing *some* of the allegedly infringing listings for product redesign" (emphasis added).

22. Based on the February 16, 2024, response from Defendant's counsel, and the ongoing harm to Plaintiff caused by Defendant's unlawful conduct, Plaintiff filed suit against Defendant for copyright infringement in the United States District Court for the District of Arizona on March 20, 2024, as Case No. 2:24-cv-00609 (the "**Arizona Action**").

23. The Arizona Action was ultimately dismissed without prejudice on February 11, 2025, for lack of personal jurisdiction over Defendant.

24. Although Defendant has apparently ceased advertising, marketing, displaying, offering for sale, selling, and distributing the Infringing Products, Plaintiff has no enforceable assurances that Defendant will not resume its infringing activities.

25. Moreover, Plaintiff has incurred damages in an amount to be determined.

**COUNT 1**
(Direct Copyright Infringement, 17 U.S.C. § 501, of
Crackers the Cockatrice®)

26. Plaintiff realleges Paragraphs 1 through 25 as if fully set forth herein.

27. Crackers the Cockatrice® is an original work containing copyrightable sculptural design elements for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq*.

28. Plaintiff exclusively owns a valid copyright registration covering the sculptural design elements embodied in the Crackers the Cockatrice® product, a copy of which is attached hereto as **Exhibit A**.

29. Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, display, and sale of its "Asmodeus" product, which was copied from, derivative of, and substantially similar to Crackers the Cockatrice®, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in Crackers the Cockatrice®, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

30. On information and belief, Defendant's infringing conduct alleged herein was willful, and with full knowledge of Plaintiff's rights in and to Crackers the Cockatrice®, and has enabled Defendant illegally to obtain profit therefrom.

31. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to actual damages, in an amount to be proven at trial, as well as other remedies at law.

32. Plaintiff is also entitled to the recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the "Asmodeus"

product, and an accounting of and a constructive trust with respect to such profits, pursuant to 17 U.S.C. § 504(b).

33. Alternatively, Plaintiff is entitled to seek statutory damages of up to $150,000 for Defendant's willful infringement of Crackers the Cockatrice®, and for such other amount as may be proper, pursuant to 17 U.S.C. § 504(c).

34. Plaintiff is also entitled to its attorneys' fees and full costs, pursuant to 17 U.S.C. § 505.

**COUNT 2**
(Direct Copyright Infringement, 17 U.S.C. § 501, of
Fenrir the Wolf Dragon®)

35. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

36. Fenrir the Wolf Dragon® is an original work containing copyrightable sculptural design elements for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq.*

37. Plaintiff exclusively owns a valid copyright registration covering the sculptural design elements embodied in the Fenrir the Wolf Dragon® product, a copy of which is attached hereto as **Exhibit B**.

38. Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, display, and sale of its "Astaroth" product, which was copied from, derivative of, and substantially similar to Fenrir the Wolf Dragon®, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in Fenrir the Wolf Dragon®, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

39. On information and belief, Defendant's infringing conduct alleged herein was willful and with full knowledge of Plaintiff's rights in Fenrir the Wolf Dragon® and has enabled Defendant illegally to obtain profit therefrom.

40. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to actual damages, in an amount to be proven at trial, as well as other remedies at law.

41. Plaintiff is also entitled to the recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the "Astaroth" product, and an accounting of and a constructive trust with respect to such profits, pursuant to 17 U.S.C. § 504(b).

42. Plaintiff is also entitled to its full costs, pursuant to 17 U.S.C. § 505.

### COUNT 3
(Direct Copyright Infringement, 17 U.S.C. § 501, of
Kelvin the Ice Dragon®)

43. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

44. Kelvin the Ice Dragon® is an original work containing copyrightable sculptural design elements for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq*.

45. Plaintiff exclusively owns a valid copyright registration covering the sculptural design elements embodied in the Kelvin the Ice Dragon® product, a copy of which is attached hereto as **Exhibit C**.

46. Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, display, and sale of its "Behemoth" product, which was copied from, derivative of, and substantially similar to Kelvin the Ice Dragon®, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in Kelvin the Ice Dragon®, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

47. On information and belief, Defendant's infringing conduct alleged herein was willful and with full knowledge of Plaintiff's rights in Kelvin the Ice Dragon® and has enabled Defendant illegally to obtain profit therefrom.

48. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to actual damages, in an amount to be proven at trial, as well as other remedies at law.

49. Plaintiff is also entitled to the recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the "Behemoth" product, and an accounting of and a constructive trust with respect to such profits, pursuant to 17 U.S.C. § 504(b).

50. Plaintiff is also entitled to its full costs, pursuant to 17 U.S.C. § 505.

### COUNT 4
(Direct Copyright Infringement, 17 U.S.C. § 501, of Pretzal™)

51. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

52. Pretzal™ is an original work containing copyrightable sculptural design elements for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq*.

53. Plaintiff exclusively owns a valid copyright registration covering the sculptural design elements embodied in the Pretzal™ product, a copy of which is attached hereto as **Exhibit D**.

54. Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, display, and sale of its "Cobra" product, which was copied from, derivative of, and substantially similar to Pretzal™, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in Pretzal™, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

55. On information and belief, Defendant's infringing conduct alleged herein was willful and with full knowledge of Plaintiff's rights in Pretzal™ and has enabled Defendant illegally to obtain profit therefrom.

56. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to actual damages, in an amount to be proven at trial, as well as other remedies at law.

57. Plaintiff is also entitled to the recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the "Cobra" product, and an accounting of and a constructive trust with respect to such profits, pursuant to 17 U.S.C. § 504(b).

58. Plaintiff is also entitled to its full costs, pursuant to 17 U.S.C. § 505.

## COUNT 5
(Direct Copyright Infringement, 17 U.S.C. § 501, of
Razor the Doberman®)

59. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

60. Razor the Doberman® is an original work containing copyrightable sculptural design elements for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq*.

61. Plaintiff exclusively owns a valid copyright registration covering the sculptural design elements embodied in the Razor the Doberman® product, a copy of which is attached hereto as **Exhibit E**.

62. Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, display, and sale of its "Crane" product, which was copied from, derivative of, and substantially similar to Razor the Doberman®, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in Razor the Doberman®, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

63. On information and belief, Defendant's infringing conduct alleged herein was willful and with full knowledge of Plaintiff's rights in Razor the Doberman® and has enabled Defendant illegally to obtain profit therefrom.

64. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to actual damages, in an amount to be proven at trial, as well as other remedies at law.

65. Plaintiff is also entitled to the recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the "Crane" product, and an accounting of and a constructive trust with respect to such profits, pursuant to 17 U.S.C. § 504(b).

66. Plaintiff is also entitled to its full costs, pursuant to 17 U.S.C. § 505.

**COUNT 6**
(Direct Copyright Infringement, 17 U.S.C. § 501, of
Stan the T. Rex®)

67. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

68. Stan the T. Rex® is an original work containing copyrightable sculptural design elements for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq*.

69. Plaintiff exclusively owns a valid copyright registration covering the sculptural design elements embodied in the Stan the T. Rex® product, a copy of which is attached hereto as **Exhibit F**.

70. Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, display, and sale of its "Gaur" product, which was copied from, derivative of, and substantially similar to Stan the T. Rex®, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in Stan the T. Rex®, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

71. On information and belief, Defendant's infringing conduct alleged herein was willful and with full knowledge of Plaintiff's rights in Stan the T. Rex®, and has enabled Defendant illegally to obtain profit therefrom.

72. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to actual damages, in an amount to be proven at trial, as well as other remedies at law.

73. Plaintiff is entitled to the recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the "Gaur" product, and an accounting of and a constructive trust with respect to such profits, pursuant to 17 U.S.C. § 504(b).

74. Plaintiff is also entitled to its full costs, pursuant to 17 U.S.C. § 505.

### COUNT 7
(Direct Copyright Infringement, 17 U.S.C. § 501, of Spritz the Seadragon®)

75. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

76. Spritz the Seadragon® is an original work containing copyrightable sculptural design elements for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq*.

77. Plaintiff exclusively owns a valid copyright registration covering the sculptural design elements embodied in the Spritz the Seadragon® product, a copy of which is attached hereto as **Exhibit G**.

78. Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, display, and sale of its "Idyll" product, which was copied from, derivative of, and substantially similar to Spritz the Seadragon®, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in Spritz the Seadragon®, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

79. On information and belief, Defendant's infringing conduct alleged herein was willful and with full knowledge of Plaintiff's rights in Spritz the Seadragon® and has enabled Defendant illegally to obtain profit therefrom.

80. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to actual damages, in an amount to be proven at trial, as well as other remedies at law.

81. Plaintiff is also entitled to the recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the "Idyll" product, and an accounting of and a constructive trust with respect to such profits, pursuant to 17 U.S.C. § 504(b).

82. Plaintiff is also entitled to its full costs, pursuant to 17 U.S.C. § 505.

### COUNT 8
(Direct Copyright Infringement, 17 U.S.C. § 501, of Ika®)

83. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

84. Ika® is an original work containing copyrightable sculptural design elements for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq*.

85. Plaintiff exclusively owns a valid copyright registration covering the sculptural design elements embodied in the Ika® product, a copy of which is attached hereto as **Exhibit H**.

86. Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, display, and sale of its "Lao" product, which was copied from, derivative of, and substantially similar to Ika®, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in Ika®, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

87. On information and belief, Defendant's infringing conduct alleged herein was willful and with full knowledge of Plaintiff's rights in Ika® and has enabled Defendant illegally to obtain profit therefrom.

88. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to actual damages, in an amount to be proven at trial, as well as other remedies at law.

89. Plaintiff is also entitled to the recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the "Lao" product, and an accounting of and a constructive trust with respect to such profits, pursuant to 17 U.S.C. § 504(b).

90. Alternatively, Plaintiff is entitled to statutory damages of up to $150,000 for Defendant's willful infringement of Ika®, and for such other amount as may be proper, pursuant to 17 U.S.C. § 504(c).

91. Plaintiff is also entitled to its attorneys' fees and full costs, pursuant to 17 U.S.C. § 505.

### COUNT 9
(Direct Copyright Infringement, 17 U.S.C. § 501, of
Nocturne the Enderfang®)

92. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

93. Nocturne the Enderfang® is an original work containing copyrightable sculptural design elements for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq*.

94. Plaintiff exclusively owns a valid copyright registration covering the sculptural design elements embodied in the Nocturne the Enderfang® product, a copy of which is attached hereto as **Exhibit I**.

95. Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, display, and sale of its "Monarch" product, which was copied from, derivative of, and substantially similar to Nocturne the Enderfang®, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in Nocturne the Enderfang®, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

96. On information and belief, Defendant's infringing conduct alleged herein was willful and with full knowledge of Plaintiff's rights in Nocturne the Enderfang® and has enabled Defendant illegally to obtain profit therefrom.

97. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to actual damages, in an amount to be proven at trial, as well as other remedies at law.

98. Plaintiff is also entitled to the recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the "Monarch" product, and an accounting of and a constructive trust with respect to such profits, pursuant to 17 U.S.C. § 504(b).

99. Alternatively, Plaintiff is entitled to statutory damages of up to $150,000 for Defendant's willful infringement of Nocturne the Enderfang®, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

100. Plaintiff is also entitled to its attorneys' fees and full costs, pursuant to 17 U.S.C. § 505.

**COUNT 10**
(Direct Copyright Infringement, 17 U.S.C. § 501, of
Vergil the Drippy Dragon™)

101. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

102. Vergil the Drippy Dragon™ is an original work containing copyrightable sculptural design elements for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq*.

103. Plaintiff exclusively owns a valid copyright registration covering the sculptural design elements embodied in the Vergil the Drippy Dragon™ product, a copy of which is attached hereto as **Exhibit J**.

104. Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, display, and sale of its "Ogle" product, which was copied from, derivative of, and substantially similar to Vergil the Drippy Dragon™, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in Vergil™, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

105. On information and belief, Defendant's infringing conduct alleged herein was willful and with full knowledge of Plaintiff's rights in Vergil the Drippy Dragon™, and has enabled Defendant illegally to obtain profit therefrom.

106. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to actual damages, in an amount to be proven at trial, as well as other remedies at law.

107. Plaintiff is also entitled to recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the "Ogle" product, and an accounting of and a constructive trust with respect to such profits, pursuant to 17 U.S.C. § 504(b).

108. Plaintiff is also entitled to its full costs, pursuant to 17 U.S.C. § 505.

## COUNT 11
(Direct Copyright Infringement, 17 U.S.C. § 501, of Marcel®)

109. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

110. Marcel® is an original work containing copyrightable sculptural design elements for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq*.

111. Plaintiff exclusively owns a valid copyright registration covering the sculptural design elements embodied in the Marcel® product, a copy of which is attached hereto as **Exhibit K**.

112. Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, display, and sale of its "Sauron" product, which was copied from, derivative of, and substantially similar to Marcel®, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in Marcel®, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

113. On information and belief, Defendant's infringing conduct alleged herein was willful and with full knowledge of Plaintiff's rights in Marcel® and has enabled Defendant illegally to obtain profit therefrom.

114. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to actual damages, in an amount to be proven at trial, as well as other remedies at law.

115. Plaintiff is also entitled to the recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the "Sauron" product, and an accounting of and a constructive trust with respect to such profits, pursuant to 17 U.S.C. § 504(b).

116. Plaintiff is also entitled to its full costs, pursuant to 17 U.S.C. § 505.

**COUNT 12**
(Direct Copyright Infringement, 17 U.S.C. § 501, of
Echo's Horn®)

117. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

118. Echo's Horn® is an original work containing copyrightable sculptural design elements for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq*.

119. Plaintiff exclusively owns a valid copyright registration covering the sculptural design elements embodied in the Echo's Horn® product, a copy of which is attached hereto as **Exhibit L**.

120. Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, display, and sale of its "Tomee" product, which was copied from, derivative of, and substantially similar to Echo's Horn®, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in Echo's Horn®, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

121. On information and belief, Defendant's infringing conduct alleged herein was willful and with full knowledge of Plaintiff's rights in Echo's Horn® and has enabled Defendant illegally to obtain profit therefrom.

122. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to actual damages, in an amount to be proven at trial, as well as other remedies at law.

123. Plaintiff is also entitled to the recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the "Tomee" product, and an accounting of and a constructive trust with respect to such profits, pursuant to 17 U.S.C. § 504(b).

124. Plaintiff is also entitled to its full costs, pursuant to 17 U.S.C. § 505.

## COUNT 13
(Direct Copyright Infringement, 17 U.S.C. § 501, of
Tyson the Water Buffalo™)

125. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

126. Tyson the Water Buffalo™ is an original work containing copyrightable sculptural design elements for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq*.

127. Plaintiff exclusively owns a valid copyright registration covering the sculptural design elements embodied in the Tyson the Water Buffalo™ product, a copy of which is attached hereto as **Exhibit M**.

128. Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, display, and sale of its "Willy" product, which was copied from, derivative of, and substantially similar to Tyson the Water Buffalo™, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in Tyson™, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

129. On information and belief, Defendant's infringing conduct alleged herein was willful and with full knowledge of Plaintiff's rights in Tyson the Water Buffalo™ and has enabled Defendant illegally to obtain profit therefrom.

130. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to actual damages, in an amount to be proven at trial, as well as other remedies at law.

131. Plaintiff is also entitled to the recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the "Willy" product, and an accounting of and a constructive trust with respect to such profits, pursuant to 17 U.S.C. § 504(b).

132. Plaintiff is also entitled to its full costs, pursuant to 17 U.S.C. § 505.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff prays for the following relief:

(a)   Entering judgment in favor of Plaintiff Bad Dragon Enterprises, Inc. and against Defendant SinSaint Inc. on all counts;

(b)   Pursuant to 17 U.S.C. § 502, restraining and permanently enjoining Defendant, and each of its owners, officers, directors, managers, agents, representatives, servants, employees, contractors, affiliates, entities under common control, subsidiaries, successors, assigns, and all persons in active concert or participation with any of them, from resuming (or continuing as the case may be) their infringement of any of the Copyrighted Works;

(c)   Awarding Plaintiff its actual damages suffered as a result of Defendant's infringement of the Copyrighted Works, under 17 U.S.C. § 504(b);

(d)   Awarding disgorgement of all of Defendant's profits attributable to Defendant's infringement of the Copyrighted Works, under 17 U.S.C. § 504(b);

(e) Awarding Plaintiff (*if Plaintiff so elects*) statutory damages in the amount of up to $150,000 per work infringed, under 17 U.S.C. § 504(c), for each applicable copyrighted work infringed;

(f) Awarding Plaintiff its reasonable attorney's fees, under 17 U.S.C. § 505, for each applicable copyrighted work infringed;

(g) Awarding Plaintiff its full costs, under 17 U.S.C. § 505;

(h) Ordering Defendant to provide a full written accounting of all of Defendant's revenues and profits attributable to Defendant's infringing conduct, including all of Defendant's revenues and profits derived from sales of the Infringing Products, as well as any products, works, or other materials that include, copy, are derived from, or otherwise embody any of the Copyrighted Works;

(i) Awarding Plaintiff pre-judgment and post-judgment interest on all damages awarded to Plaintiff, and that such interest be awarded at the highest legal rate from and after March 20, 2024, the date the complaint in the Arizona Action was filed; and

(j) Awarding such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Under Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all the claims asserted in this Complaint so triable.

Dated: New York, New York
April 17, 2025

KAUFMAN & KAHN, LLP

By: /s/ Mark S. Kaufman
Mark S. Kaufman
10 Grand Central
155 East 44th Street, 19th Floor
New York, NY 10017
Tel.: (212) 293-5556
Email: kaufman@kaufmankahn.com
*Attorneys for Plaintiff Bad Dragon Enterprises, Inc.*