

55 Madison Avenue,
Suite 400
Morristown, NJ 07960

Tel.: 973-998-7477
Fax: 973-264-1159
Jason@LattimoreLaw.com

Principal:
Jason B. Lattimore
(Admitted in NJ & NY)

June 9, 2025

**VIA ECF**

Hon. Eric N. Vitaliano, U.S.D.J.
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Bad Dragon Enterprises, Inc. v. SinSaint, Inc.*,
             Case No. 1:25-cv-02159-ENV-LKE

Dear Judge Vitaliano:

    This firm represents Defendant, SinSaint Inc., in the above-referenced matter. We write to request a pre-motion conference with respect to Defendant's intended motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Nature of the Motion and Background Regarding the Case

    The Complaint alleges Defendant infringed Plaintiff's copyrights in thirteen of Plaintiff's products, all of which are fantasy-themed sex toys. The Complaint attaches and/or references each of the thirteen products and each of Defendant's allegedly infringing products. *See* Complaint (ECF No. 1) ¶¶ 8-16 and Exhibit N (ECF No. 1-15).

    Defendant's motion seeks dismissal of each of the counts in the Complaint for failure to state a claim on the ground that the products at issue lack substantial similarity in their protectable elements. Several share little more than general ideas or concepts, which are not protectable under copyright law (see 17 U.S.C. § 102(b)). The products plainly do not meet the substantial similarity standard. And other products at issue that may be closer in appearance to each other also do not meet the standard of substantial similarity, which is higher in this case due to the anatomical nature of the products.

    Counts 1, 8 and 9 of the Complaint are of particular significance given that they are the only three counts for which statutory damages and attorneys' fees are ostensibly available to Plaintiff as potential relief. This is due to Plaintiff's failure to obtain copyright



registration with respect to the products at issue in the other counts prior to commencement of the alleged infringement. *See* 17 U.S.C. § 412. Defendant's sales records, which have been shared with Plaintiff, demonstrate that sales of the products at issue were almost nonexistent, which effectively precludes recovery of any meaningful damages or disgorgement of profits. Further, Defendant had removed all of the accused products from the market by March of 2024. Thus, as a practical matter, this case centers on Counts 1, 8, and 9, although resolution of the other counts will bear on whether Defendant has the right to offer the accused products for sale and on any motion by Defendant for attorneys' fees.

Summary of the Law

To establish copyright infringement, a plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of a work that are original." *Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). To prove the second element, the plaintiff must demonstrate that "(1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010). The requirement that any copying must be illegal before infringement can be found dictates that, even in instances of actual copying, substantial similarity *in the protectable elements* of the works at issue must be shown to establish infringement. S*ee Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp.*, 25 F.3d 119, 123 (2d Cir. 1994); *Lumetrics, Inc. v. Blalock*, 23 F. Supp. 3d 138, 146 (W.D.N.Y. 2014).

It is appropriate for a Court to determine at the pleading stage whether the works at issue in a copyright infringement action are not substantially similar as a matter of law. *See Peter F. Gaito Architecture*, 602 F.3d at 64-65 (discussing that the works at issue supersede any allegations regarding or representations of the works in the pleadings and holding that a district court can undertake a visual assessment of the works at the pleading stage to determine whether substantial similarity is lacking).

Where a work contains both protectable and unprotectable elements, courts in the Second Circuit apply the "more discerning observer" test to determine whether substantial similarity exists. *See, e.g., Zalewski v. Cicero Builder Devel., Inc.*, 754 F.3d 95, 102 (2d Cir. 2014). This test requires "substantial similarity between those elements, and only those elements, that provide copyrightability to the allegedly infringed [work]," *Abdin v. CBS Broadcasting Inc.*, 971 F.3d 57, 66 (2d Cir. 2020) (quoting *Boisson v. Banian, Ltd.*, 273 F.3d 262, 272 (2d Cir. 2001)). Anatomical sculptures, such as those at issue in this case, necessarily contain unprotectable elements in addition to whatever original expression is added to such elements. *See Archie MD, Inc. v. Elsevier, Inc.*, No. 16-cv-6614, 2017 U.S. Dist. LEXIS 37141, *25, (S.D.N.Y. Mar. 14, 2017) (citing *Satava v. Lowry*, 323 F.3d 805, 812 (9th Cir. 2003) for the proposition that a plaintiff "may not prevent others from copying



elements of expression that nature displays for all observers")). Thus, the "more discerning observer" test applies here.

Examples of Noninfringement

The Court can readily determine that the works at issue are not substantially similar. For example, in Count 8, Plaintiff alleges that its octopus-tentacle product "Ika" is infringed by Defendant's product "Lao." However, as reflected in Exhibit A (attached) the products are two different expressions of the same unprotectable idea (an octopus tentacle with a base). The suction cups are placed differently on the tentacles and are shaped differently, the tentacles themselves are shaped differently, have different surface characteristics and have different proportions, and the bases of the products are different. The absence of substantial similarity between the protectable elements of these products is obvious.

The same is true as to Count 1, which concerns Plaintiff's "Crackers the Cockatrice" and Defendant's "Asmodeus" product. As reflected in Exhibit B, the protectable elements of those products also plainly are not substantially similar. They have different shapes, different proportions, different surface characteristics, and different bases. And although the products at issue in count 9 share a general unprotectable concept – a product with two bulges, Defendant's expression of the concept differs substantially from the protectable elements of Plaintiff's. *See* Exhibit C. The tops of the products are very different, the bulges are placed differently, shaped differently and have different relative proportions, the bases differ, the lower portions of the products extending upward from the base are entirely different, and the surface features of the products are different. *Id.* Additional examples comparing products at issue in the case are attached under Exhibit D.

Thank you, Your Honor, for your attention Defendant's request and the matters discussed herein.

            Respectfully,

            s/Jason B. Lattimore

            Jason B. Lattimore

Enclosures
cc: All counsel of record (via ECF)