# Kaufman & Kahn, LLP

June 10, 2025

BY ECF
Hon. Judge Eric N. Vitaliano
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     Bad Dragon, Inc. v. SinSaint, Inc. (Case No. 1:25-cv-02159-ENV-LKE)

To the Honorable Judge Vitaliano:

We are counsel to Bad Dragon, Inc., Plaintiff in the above-entitled case, and write in response to Defendant SinSaint, Inc.'s pre-motion letter dated June 9, 2025 for its proposed motion to dismiss. The Court should decline Defendant's invitation to consider materials outside the Complaint, or to find that its infringing sex toy products are not substantially similar to Plaintiff's.

Numerous factual disputes exist, including key issues such as: (i) identifying the protectible and unprotectible elements in 13 different sculptural works; (ii) whether each work's protectible elements are substantially similar to elements of each of Defendant's 13 corresponding accused products; and (iii) whether Defendant has actually provided all "sales records" and other relevant financial documents to Plaintiff, as claimed in Defendant's letter (Plaintiff maintains that Defendant has not). These factual issues, among others, require discovery and cannot fairly be determined from the four corners of the complaint on a Rule 12(b)(6) motion to dismiss. Also, whether or not Plaintiff can pursue statutory damages and attorneys' fees has no factual relevance or impact on the viability of Plaintiff's claims at this initial stage.

The Complaint alleges that each of the 13 works at issue "feature unique, original sculptural design elements that are separable from the underlying useful article" and protected by U.S. copyright law. *See* ECF #1, ¶ 10. Plaintiff attached U.S. copyright registrations for each such work. *See id.* ¶ 11, Exhibits A-M (ECF #1-2 to 1-14). Despite Defendant suggesting that Plaintiff's designs are unprotectible, nine of the thirteen registration certificates (for Plaintiff's Fenrir, Kelvin, Pretzal, Razor, Stan, Spritz, Marcel, Echo's Horn, and Tyson designs) make clear that they expressly protect the "Sculptural features identified separately from and capable of existing independently of the utilitarian aspects of a useful article." *Id.*

A district court adjudicating a motion to dismiss must confine its consideration to a "narrow universe of materials" and may "not look beyond facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken." *Krisko v. Marvel Ent., LLC*, 473 F. Supp. 3d 288, 303 (S.D.N.Y. 2020) (quoting *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016)). But Defendant relies on materials and facts outside of the Complaint by referring to photographs, allegedly of the products, which are different from photos attached to the Complaint.

Although Defendant asserts that the "Complaint attaches and/or references each of the thirteen products and each of Defendant's allegedly infringing products," Plaintiff did not "file" any of the parties' three-dimensional products, or even provide images of two of Defendant's products (Astaroth and Sauron). *See* ECF #1-15. Only Defendant has physical copies of its accused products, and it did not provide any of them to the Court. Moreover, although the Astaroth and Sauron products used to be available on Defendant's website, they are no longer displayed online, and Plaintiff could not obtain such product images on third-party sites such as archive.org.

Thus, only with the benefit of discovery in this case can Defendant's accused products be properly evaluated by the fact-finder. The low-resolution images of Defendant's products shown in the Complaint, ECF #1-15 (showing only one angle of each three-dimensional product) cannot represent Defendant's accused three-dimensional products in their entireties, which require photographs from all angles. *See, e.g., Walker v. Time Life Films, Inc.*, 784 F.2d 44, 52 (2d Cir. 1986) ("in copyright infringement cases the works themselves supersede and control contrary descriptions of them.").

Defendant relies solely on *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57 (2d Cir. 2010), for the proposition that substantial similarity can be determined on a motion to dismiss. However, the Second Circuit in that case acknowledged that "[n]othing in this opinion should be read to … indicate that the question of non-infringement is always properly considered at the pleadings stage without the aid of discovery." *Id.* Unlike *Peter F. Gaito*, where the infringement claim concerned architectural designs, this case involves 13 pairs of Plaintiff's and Defendant's physical sculptural works. Presently, the Court does not have "all that is necessary to make a comparison of the works in question." *Id.* at 65. As such, the Court cannot determine substantial similarity based on the Complaint.

Second, even if the Court were to engage in a factual inquiry (which would be improper under these circumstances) and compare all 13 sculptural works at issue, it would find that Defendant's infringing sex toys are substantially similar to Plaintiff's works. A defendant is liable if they "(1) … actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 110 (2d Cir. 2001) (internal citations omitted). To decide if the products are substantially similar, even under the "more discerning observer" test, the Court "must attempt to extract the unprotectible elements from [its] consideration and ask whether the protectible elements, standing alone, are substantially similar." *Lego A/S v Zuru Inc.*, 2025 U.S. App. LEXIS 6979, at *7-8 [2d Cir Mar. 26, 2025, No. 24-634-cv] (internal citations omitted).

Any small differences between Plaintiff's 13 copyrighted sculptural works and Defendant's 13 sex toys would not undermine a finding of substantial similarity. The fact that each of Defendant's 13 toys are alleged to be substantially similar to Plaintiff's corresponding 13 toys, strongly suggests that the entire collection was copied. Thereafter, Defendant sought to make small changes in order to evade copyright infringement. *See, e.g.*, *Crown Awards, Inc. v Discount Trophy & Co.*, 564 F Supp 2d 290, 293 [SDNY 2008] (J. McMahon) ("any differences which existed in the two trophies are 'the sorts of small differences that smack of trying to get away with a copy of

someone else's work and disguising the fact'; found "testimony on the affirmative defense of independent creation to be not only unlikely but absolutely impossible to believe.")

When there are "numerous, prominent shared elements" leaving a court with only a handful of articulable differences between designs which "are slight in comparison to the abundant overall similarities between the designs…. a discerning ordinary observer could conclude that the two designs have the same 'total concept and overall feel.'" *Klauber Bros. v WW, LLC*, 2019 US Dist LEXIS 110736, at *13-14 [SDNY July 2, 2019, No. 18-CV-4696 (JPO)] (citing *Peter F. Gaito*, 602 F.3d at 66). Accordingly, a "reasonable jury, properly instructed, could find that the two works are substantially similar." *Id*. (denying motion for judgment on the pleadings). Thus, among the registrations that pre-dated Defendant's conduct (and warrant statutory damages and legal fees):

- Based on Complaint Ex. N (ECF # 01-15) for Count 1, Defendant's "Asomodeus" was copied from Plaintiff's "Crackers the Cockatrice": both have three lines of ridges at the top; in the middle section, both have seven rows of bumps, with three bumps on either side of the center; at the base, both have a center ridge of three bumps and parallel lines.
- For Count 8, both Plaintiff's "Ika" and Defendant's "Lao" have 12 rows of ridges and two raised circles (which Defendant calls octopus suckers), and the curves of the overall structures are virtually the same.
- For Count 9, Plaintiff's "Nocturne the Enderfang" and Defendant's "Monarch" have virtually the same top, two bulges in the middle, and three spikes at the base.

By way of example for the other registered copyrights:
- For Count 3, Compl. Ex. N shows that for both Plaintiff's "Kelvin the Ice Dragon" and Defendant's "Behemoth" the tops of the products are similarly curved, both have five sectioned ridges, and both have bases with four sectioned areas.
- For Count 4, Plaintiff's "Pretzal" and Defendant's "Cobra" both have front sections with seven bumps and the objects curve in virtually the same way.

All of the above are just brief examples, and not a complete analysis. Overall, the numerous similarities between so many different designs indicates that Defendant made its set of 13 sex toys from Plaintiff's corresponding 13 copyrighted works, even under the discerning observer test.

For at least the above reasons, any motion to dismiss should be denied if filed before determining material factual disputes as to the protectability of elements of Plaintiff's 13 different, three-dimensional copyrighted works. The Court lacks what it needs to determine substantial similarity at this initial stage. As such, a motion to dismiss would not concern "only non-copyrightable elements of the plaintiff's work", and Defendant cannot at this initial stage plausibly claim that "no reasonable jury, properly instructed, could find that the two works are substantially similar." Discovery should be allowed before these issues are determined, and any motion to dismiss that Defendant files before these factual disputes are resolved, should be denied.

Respectfully submitted,

/s/ Mark S. Kaufman
Mark S. Kaufman